BLANK ROME LLP
Ana Tagvoryan (SBN 246536)
ana.tagvoryan@blankrome.com
Victor Sandoval (SBN 344461)
victor.sandoval@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:    424.239.3400
Facsimile:    424.239.3434

Attorneys for Defendants
TARGET CORPORATION
and SHIPT, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN DAWSON AND JAMIE BROWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TARGET CORPORATION, SHIPT, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:24-cv-08167-AMO<br><br>[Removed from Superior Court of California, County of San Francisco, Case No. CGC-24-618269]<br><br>**TARGET CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM IN SUPPORT**<br><br>(*Filed concurrently with and in the alternative to Defendants' Motions to Compel Arbitration; Request for Judicial Notice; Declaration of Allison Yem, and [Proposed] Order*)<br><br>Hearing:<br>Date:      July 3, 2025<br>Time:      2:00 P.M.<br>Place:     Phillip Burton Federal Building & United States Courthouse<br>           450 Golden Gate Avenue<br>           Courtroom 10, 19th Floor<br>           San Francisco, CA 94102<br>Judge:     Araceli Martínez-Olguín<br><br>Filed:     September 19, 2024<br>Removed: November 19, 2024<br>Trial:     Not set |

151428111

**TARGET CORPORATION'S MOTION TO DISMISS**

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on July 3, 2025, at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Araceli Martínez-Olguín in Courtroom 10 of the United States District Court for the Northern District of California, located at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, 19th Floor San Francisco, CA 94102, Defendant Target Corporation ("Target"), will, and hereby does, move to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6). Specifically, Target moves to dismiss plaintiffs' Amended Complaint, or any claim therein, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) in the alternative to its Motion to Compel Arbitration.

This motion is based on this Notice of Motion and Motion, accompanying Memorandum of Law, the Declaration of Allison Yem, any Reply filed in support of the Motion, arguments of counsel, and the records and pleadings in this action.

1

## **TABLE OF CONTENTS**

2

I.      INTRODUCTION ...............................................................................................9

3

II.     BACKGROUND AND RELEVANT FACTS ..................................................10

III.    ARGUMENT ...................................................................................................11

4

        A.      Standards of Review ...........................................................................12

5

        B.      Plaintiffs Fail to State a Claim Against Target. ..................................12

6

                a.      The FAC is Impermissibly Group Plead. .................................12

7

                b.      The Voluntary Payment Doctrine Bars Plaintiffs' Monetary Relief Claims. 14

                c.      Plaintiffs Cannot Obtain Injunctive Relief. ..............................14

8

9

                d.      Plaintiffs Fail to Plausibly Allege that Target's Advertising was Deceptive Under the Reasonable Consumer Standard. .................................................15

10

                e.      Plaintiffs' Misrepresentation Claims Fail Because They Do Not Plausibly Allege Reliance. ..........................................................................18

11

12

                f.      Plaintiffs' Claims Fail Because They Do Not Plead the Alleged Fraud with Particularity. ...............................................................................20

13

                g.      Plaintiffs' Claims Fail To the Extent They Are Premised on Violation of the Hidden Fees Statute. .......................................................................22

14

15

                h.      Even If the Hidden Fees Statute Were Effective at the Time of Plaintiffs' Purchases, it Would be Inapplicable Here. ...............................................23

16

                        i.      The CA Shopper Benefits Fee is Not a "Mandatory" Fee. ................24

17

                        ii.     The CA Shopper Benefits Fee is a "Fee Imposed by a Government". ...........................................................................25

18

                i.      Plaintiffs' Unjust Enrichment Claim Fails. ..............................25

IV.     CONCLUSION ................................................................................................26

19

20

21

22

23

24

25

26

27

28

**TARGET CORPORATION'S MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Oil Serv. v. Hope Oil Co.*,
    194 Cal. App. 2d 581 (1961) ...................................................14

*In re Arris Cable Modem Consumer Litig.*,
    No. 17-01834, 2018 WL 288085 (N.D. Cal. Jan. 4, 2018)...................18, 20

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................12

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ...................................................25

*Campion v. Old Republic Home Prot. Co, Inc.*,
    861 F. Supp. 2d 1139 (S.D. Cal. 2012)...................................................15

*Charbonnet v. Omni Hotels & Resorts*,
    No. 20 -01777, 2020 WL 7385828 (S.D. Cal. Dec. 16, 2020) ...................17, 19, 20

*Clark v. Perfect Bar, LLC*,
    816 F. App'x 141 (9th Cir. 2020) ...................................................18

*Consumer Advocates v. Echostar Satellite Corp.*,
    8 Cal. Rptr. 3d 22 (Cal. Ct. App. 2003)...................................................18

*Dana v. Idaho Dep't of Corr.*,
    No. 23-35047, 2024 WL 2862581 (9th Cir. June 6, 2024)...................................................13

*Davis v. HSBC Bank Nevada, N.A.*,
    691 F.3d 1152 (9th Cir. 2012) ...................................................20

*Decker v. GlenFed, Inc.*,
    42 F.3d 1541 (9th Cir. 1994) ...................................................20

*DiGiacinto v. EuroPharma, Inc.*,
    2023 WL 3643237 (N.D. Cal. May 25, 2023)...................................................25

*Ditullio v. Boehm*,
    662 F.3d 1091 (9th Cir. 2011) ...................................................22

*Drake v. Toyota Motor Corp.*,
    2020 WL 7040125 (C.D. Cal. Nov. 23, 2020)...................................................13

*Endres v. Wells Fargo Bank*,
    No. 06-7019, 2008 WL 344204 (N.D. Cal. Feb. 6, 2008)...................................................14

4

**TARGET CORPORATION'S MOTION TO DISMISS**

*Evangelatos v. Superior Court*,
    44 Cal.3d 1188 (1988) ...................................................................................22

*Ford v. Hotwire, Inc*.,
    No. 07-1312, 2008 WL 5874305 (S.D. Cal. Feb. 25, 2008)..............................17, 20

*Garcia v. Sony Computer Entm't Am*.,
    859 F. Supp. 2d 1056 (N.D. Cal. 2012) .............................................................20

*Gest v. Bradbury*,
    443 F.3d 1177 (9th Cir. 2006) .........................................................................14

*Gordon v. Virtumundo, Inc.*,
    575 F.3d 1040 (9th Cir. 2009) .....................................................................24, 25

*H. Russell Taylor's Fire Prevention Services, Inc. v. Coca Cola Bottling Corp.*,
    99 Cal.App.3d 711 (1979) ..............................................................................26

*Harris v. Las Vegas Sands L.L.C.*,
    No. 12-10858, 2013 WL 5291142 (C.D. Cal. Aug. 16, 2013) ...............15, 16, 17, 20

*Holt v. Noble House Hotels & Resort, Ltd*,
    370 F. Supp. 3d 1158 (S.D. Cal. 2019)..............................................................16

*Hooked Media Grp. v. Apple Inc*.,
    55 Cal.App.5th 323 (Cal. Ct. App. 2020) ..........................................................26

*Inman v. Anderson*,
    2018 WL 1071158 (N.D. Cal. Feb. 27, 2018) ....................................................12

*In re Intel Laptop Battery Litig.*,
    2011 WL 7290487 (N.D. Cal. April 7, 2011) .....................................................15

*Janda v. T-Mobile, USA, Inc.*,
    No. 05-03729, 2009 WL 667206 (N.D. Cal. Mar. 13, 2009), aff'd, 378 F. App'x 705 (9th Cir. 2010) .........................................................................................................23

*Kahn v. Lischner*,
    275 P.2d 539 (Cal. Ct. App. 1954) ...................................................................19

*Khoja v. Orexigen Therapeutics, Inc*.,
    899 F.3d 988 (9th Cir. 2018) ..........................................................................12

*Kuehl v. General Motors LLC*,
    No. 23-6980, 2023 WL 8353784 (C.D. Cal. Nov. 17, 2023) ................................21

*Lavie v. Procter & Gamble Co*.,
    129 Cal. Rptr. 2d 486 (Cal. Ct. App. 2003)...................................................16, 18

*Lipman, Wolfe & Co. v. Phoenix Assur. Co.*,
    258 F. 544 (9th Cir. 1919) ..............................................................................14

**TARGET CORPORATION'S MOTION TO DISMISS**

*In re Marriage of Reuling*,
   23 Cal.App.4th 1428 (1994) ....................................................................................22

*Moore v. Kayport Package Exp., Inc.*,
   885 F.2d 531 (9th Cir. 1989). .................................................................................20

*Murray v. Elations Co*.,
   No. 13-02357, 2014 WL 3849911 (S.D. Cal. Aug. 4, 2014)...................................21

*Nadler v. Nature's Way Prods*.,
   LLC, No. 13-100, 2014 WL 12601567 (C.D. Cal. Mar. 27, 2014) ...........................19

*Park-Kim v. Daikin Applied Ams., Inc*.,
   747 F. App'x. 639 (9th Cir. 2019) ............................................................................18

*People v. Espino*,
   104 Cal. App. 5th 188, 324 Cal. Rptr. 3d 377 (2024)............................................25

*People v. Rahbari*,
   232 Cal. App. 4th 185 (2014) ................................................................................24

*Peviani v. Natural Balance, Inc*.,
   774 F. Supp. 2d 1066 (S.D. Cal. 2011)............................................................18, 20

*Russell v. Superior Court*,
   185 Cal.App.3d 810 (1986) ....................................................................................22

*Sanchez v. Giromex, Inc*.,
   No. D042459, 2004 WL 2750332 (Cal. Ct. App. Dec. 2, 2004) ..............................21

*Shvarts v. Budget Grp., Inc*.,
   81 Cal. App. 4th 1153 (2000) ................................................................................17

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig*.,
   996 F. Supp. 2d 942 (S.D. Cal. 2014) ...................................................................19

*Steinman v. Malamed*,
   185 Cal. App. 4th 1550 (2010) ..............................................................................14

*Suzuki v. Hitachi Global Storage Techs., Inc*.,
   No. C-06-07289, 2007 WL 2070263 (N.D. Cal. July 17, 2007) .............................18

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) .................................................................................13

*Tabler v. Panera LLC*,
   No. 19-01646, 2020 WL 3544988 (N.D. Cal. June 30, 2020)...............................21

*In re Tobacco II Cases*,
   207 P.3d 20 (Cal. 2009) ........................................................................................18

**TARGET CORPORATION'S MOTION TO DISMISS**

*United States v. Schooner Peggy*,
    1 Cranch 103, 2 L.Ed. 49 (1801) .............................................................22

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .................................................................20

*Wayne v. Staples, Inc.*
    135 Cal.App.4th 466 (2006) .....................................................................17

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) ...................................................................15

*Yan Mei Zheng-Lawson v. Toyota Motor Corp.*,
    2018 WL 2298963 (N.D. Cal. May 21, 2018) .........................................13

**Statutes**

Cal. Civ. Code
    § 1770(a)(29) .......................................................................................9, 22, 23
    § 1770(d) ...................................................................................................23

Cal. Code Civ. Proc. §339 .............................................................................26

**Other Authorities**

16 CFR Part 464 .............................................................................................23

Fed. R. Civ. P.
    8(a)(2) ..................................................................................................12, 13
    9(b) ..................................................................................................... *passim*
    12(b)(6) ......................................................................................................12

## ISSUES TO BE DECIDED

1.      Is the Amended Complaint impermissibly group plead?

2.      Does the voluntary payment doctrine bar Plaintiffs' damages claims?

3.      Can Plaintiffs obtain injunctive relief?

4.      Do Plaintiffs plausibly allege that Target's advertising was deceptive under the reasonable consumer standard?

5.      Do Plaintiffs plausibly plead reliance?

6.      Do Plaintiffs satisfy Federal Civil Procedure Rule 9(b)?

7.      Is the Hidden Fees Statute applicable here?

8.      Can Plaintiffs sue for unjust enrichment in this case?

9.      Are Plaintiff Jaime Brown's claims against Target time-barred?

**TARGET CORPORATION'S MOTION TO DISMISS**

## I.    INTRODUCTION[1]

Plaintiffs Dylan Dawson's ("Dawson") and Jamie Brown's ("Brown"; together with Dawson, "Plaintiffs") amended complaint asserts false advertising and unjust enrichment claims based on the allegation that, despite advertising delivery fees, Target Corporation ("Target") and Shipt Inc. ("Shipt" together with Target, "Defendants") disclosed a charge for a CA Shoppers Benefits Fee during checkout—a fee allegedly imposed on all California delivery orders as a result of the passage of Proposition 22.

Plaintiffs' claims fail at the outset because not only is the CA Shopper Benefits fee not a "delivery" fee, Plaintiffs concede that the CA Shoppers Benefits Fee was disclosed to them before they completed their delivery orders. It is well established that where costs and fees are disclosed before a consumer completes a transaction, there is no deception or reliance. Further, Plaintiffs fail to adequately allege that Target made a misleading representation because neither of them identify any specific statement they relied on in which Target advertised "free" or "flat-rate" deliveries, or any "all in" costs for the delivery service. Moreover, the CA Shoppers Benefits Fee cannot be misleading as a matter of law because Plaintiffs were told about it when they signed up for their Target and Shipt accounts.

Additionally, although Plaintiffs attempt to assert claims under the recently enacted California "Hidden Fees" Statute,[2] which requires the disclosure of certain mandatory fees that are not imposed by the government or for shipping, that statute is inapplicable here because neither of Plaintiffs' alleged transactions occurred when it was effective. Even if that were not the case, the Hidden Fees Statute would still not apply here because paying the CA Shoppers Benefits Fee is not mandatory to shop at Target, and the fee was allegedly imposed by Defendants as a result of the passage of Proposition 22. For each of these reasons, and the additional reasons discussed below, Plaintiffs' claims should be dismissed.

///

---

[1] Target moves to dismiss Plaintiffs' claims in the alternative to, and without waiver of, its arguments regarding this Court's jurisdiction and the arbitrability of Plaintiffs' claims.
[2] Otherwise known as the "Drip Pricing" Law. Cal. Civ. Code § 1770 (a)(29).

**TARGET CORPORATION'S MOTION TO DISMISS**

## II.    BACKGROUND AND RELEVANT FACTS

On September 19, 2024, plaintiff Dylan Dawson ("Dawson") filed a complaint in California state court against both Target and Shipt. On October 23, 2024, Dawson, together with plaintiff Brown ("Brown") filed an amended complaint in California state court against both defendants. On October 24, 2024, Defendants acknowledged service of the amended complaint. On November 19, 2024, Defendants removed Plaintiffs' amended complaint to this Court.

Plaintiffs' amended complaint ("FAC") alleges that Shipt successfully lobbied for the passage of Proposition 22, which provides certain protections and benefits to delivery drivers, including 120% of the local minimum wage for each hour spent driving, expense reimbursements, and a health insurance stipend, among other benefits. FAC ¶ 18-24. As a result of the costs voted for by the people of California and imposed by Proposition 22, Shipt allegedly began charging the CA Shopper Benefits Fee on all California delivery orders, both on its own platform and through Target. *Id.* ¶¶ 26-27.

Plaintiff Dawson alleges that, on June 14, 2024, he placed an order for same day delivery on the Target app. FAC ¶ 50. "Dawson understood that he would be charged a $9.99 flat rate delivery fee for his purchase." *Id.* However, Dawson was charged the CA Shopper Benefits Fee as well.

Similarly, Plaintiff Brown alleges that, on October 15, 2022, she purchased a One-Year Shipt membership. FAC ¶ 53. "Shortly thereafter," she placed an order for same day delivery on the Shipt app. *Id.* Brown "understood that she would not be charged a delivery fee for her order over $35." *Id.* But, Brown was charged a CA Shopper Benefits Fee. *Id.*

Plaintiffs allege that the fee in question is a "delivery fee." *Id.* ¶¶ 51, 54. The fee, Plaintiffs erroneously allege, was disclosed at "the very last step . . . right before purchase." *Id.* ¶ 8.[3] Plaintiffs allege they were not "aware of any additional fees…until right before purchase." *Id.*

---

[3] Plaintiffs' allegation that the CA Shopper Benefits Fee was first disclosed at "the very last step . . . right before purchase" is contradicted by facts incorporated by reference into the complaint and attached to the declaration of Allison Yem. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (Court may examine the full webpage from which a screenshot included in complaint was taken under incorporation by reference); *Laatz v. Zazzle, Inc.*, 682 F. Supp. 3d 791, 804 (N.D. Cal. 2023) (finding screenshots of sign-up process incorporated by reference). In fact, the CA Shopper Benefits Fee was disclosed to both Plaintiffs when they signed-up for accounts (through the Terms of Use) *and* when they placed their delivery orders (twice). Yem Decl. ¶¶ 10-15, Ex. A at 11

Plaintiffs allege that advertising delivery fees as "free" or at a "flat rate" is misleading because Defendants deceptively add extra delivery fees (in the form of the shopper fee) at the end of the purchasing process. FAC ¶¶ 9, 35-37. However, Plaintiffs allege no facts to support the allegation that the CA Shopper Benefits fee is a delivery fee, or that Target advertises "free" or "flat-rate" delivery in any event. As to the former point, Plaintiffs admit that the $3.99 fee is a *benefits* fee which includes healthcare subsidies that are required by the state of California. FAC ¶¶ 18-27. And, the only advertisement identified in the amended complaint related to Target is an "exemplar" of Target's "website." FAC ¶ 35. That website screenshot does not use the words "free" or "flat-rate." *Id.* Rather, it advertises that there is a $9.99 per delivery fee, and that the fee is included for members. *Id.*

Plaintiffs also allege that the CA Shopper Benefits Fee is a "junk fee" because its nature or purpose is not disclosed. FAC ¶¶ 45-46. 49. As the Court will find, the CA Shopper Benefits Fee is not a junk fee—in fact, the charge and its purpose are clearly disclosed to consumers.

Against this argument that the CA Shopper Benefits Fee is a delivery fee and/or a hidden fee subject to California's recent "Hidden Fees" legislation, Plaintiffs' assert claims for violations of the California Legal Remedies Act ("CLRA"), the California Unfair Competition Law ("UCL"), the California False Advertising Law ("FAL"), and for unjust enrichment, against both Defendants. Plaintiffs seek to represent a California class of all consumers who paid a CA Shopper Benefits Fee to Defendants. FAC ¶ 56.

## III.    ARGUMENT

Plaintiffs' FAC fails as a matter of law. <u>First</u>, the FAC is impermissibly group-plead, and Plaintiff Brown has no claim against Target, because she does not allege that her claims are connected to Target. <u>Second</u>, Plaintiffs' monetary relief claims are barred by the voluntary payment doctrine and their request for injunctive relief is barred because they cannot establish a real and immediate threat of injury. <u>Third</u>, Plaintiffs do not plausibly allege that Target engaged in any

---

(incorporating Shipt's Terms), Ex. B at 12 (same); *see also* Owumi Decl., Ex. A at 5 (disclosing CA Shopper Benefits Fee); Ex. B at 5 (same). Indeed, Target disclosed the fee well before the last step of a delivery order. Yem Decl. ¶¶ 14-15.

fraudulent or misleading conduct from a reasonable consumer perspective because the CA Shopper Benefits Fee is not a delivery fee; and because Plaintiffs allege that the CA Shopper Benefits Fee was disclosed prior to completion of their purchase. In fact, in Dawson's case, the fee was disclosed well before the "last step" of his purchase. <u>Fourth</u>, Plaintiffs cannot allege reliance for the same reasons, where Defendants disclosed the CA Shopper Benefits Fee upon sign up and well before Plaintiffs completed their purchases. <u>Fifth</u>, Plaintiffs do not plead fraud with the requisite particularity under Rule 9(b) because they do not identify any specific representation made by Target *that they themselves were exposed to* that was false or misleading or how it was misleading. <u>Sixth</u>, to the extent that Plaintiffs' claims are premised on the recently enacted CLRA provision regarding hidden fees, they fail because the statute was not in effect at the time of Plaintiffs' transactions and, even if it were, it would be inapplicable here for multiple reasons. <u>Finally</u>, Plaintiffs' unjust enrichment claim is duplicative of their false advertising claims, California law does not recognize standalone unjust enrichment claims, and Plaintiff Brown's claim is stale (to the extent it applies to Target at all).

### A.  Standards of Review

A complaint must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) where, as here, the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts establishing a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678.

### B.  Plaintiffs Fail to State a Claim Against Target.

#### a.  The FAC is Impermissibly Group Plead.

As an initial matter, the FAC should be dismissed in its entirety because it fails the cardinal pleading requirement of offering a "plain statement" to put each Defendant on notice of the allegations against them. *See* Fed. R. Civ. P. 8(a)(2). Instead, the Amended Complaint engages in

impermissible group pleading by repeatedly raising allegations against undifferentiated "Defendants", without specifying which defendant supposedly took what particular actions, and more importantly, which Defendant any particular plaintiff has a claim against. *See* FAC ¶¶ 1, 6, 8, 10, 36, 37, 40, 42, 43, 44, 50-55; *see also Inman v. Anderson*, 2018 WL 1071158, at *7 (N.D. Cal. Feb. 27, 2018) (complaint that "lump[s] together…multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)"). For example, Dawson alleges that he placed an order for same day delivery on the Target app and Brown alleges that she placed an order for same day delivery on the Shipt app, but both Plaintiffs generally allege that they relied on "Defendants'" representations and "Defendants" did not disclose the "CA Shopper Benefits Fee." *Id.* ¶¶ 50, 53. Accordingly, as plead, Target cannot discern if both Plaintiffs are asserting a claim against it, or if only Dawson is. Similarly, Plaintiffs repeatedly allege that "Defendants" promise "free" or "flat rate" delivery without identifying specific advertisements in which either Defendant does so. *Id.* ¶ 1, 8, 10, 36-37, 40. As such, neither Defendant is on notice of the specific allegations against them.

This impermissible use of group pleading contravenes settled Ninth Circuit law, and warrants dismissal of all of the Plaintiffs' claims, particularly here where, as discussed below, Plaintiffs' claims are governed by Rule 9(b)'s heightened pleading standard. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant…and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."); *Dana v. Idaho Dep't of Corr.*, No. 23-35047, 2024 WL 2862581, at *1 (9th Cir. June 6, 2024) (affirming dismissal with prejudice on basis of "group pleading" doctrine); *Drake v. Toyota Motor Corp.*, 2020 WL 7040125, at *11 (C.D. Cal. Nov. 23, 2020) (dismissing claims where "for each of the six causes of action that sound in fraud, there is no delineation between the actions of individual defendants but, instead, all allegations are made against the generic collective entity 'Toyota' or 'Defendants'"); *Yan Mei Zheng-Lawson v. Toyota Motor Corp.*, 2018 WL 2298963, at *2 (N.D. Cal. May 21, 2018) (same). Accordingly, Plaintiffs' claims should be dismissed for failure to differentiate among Defendants.

///

As a corollary of this failing, to the extent that Plaintiff Brown asserts any claims for relief against Target, those claims should be dismissed because she fails to allege any specific connection to Target whatsoever. Brown alleges only that she purchased a one-year Shipt membership and that she placed an order for same day delivery on the Shipt app. FAC ¶ 53. She does not allege that the order was related to Target, or that she was ever exposed to any of Target's delivery-fee representations.[4]

### b. The Voluntary Payment Doctrine Bars Plaintiffs' Monetary Relief Claims.

The voluntary payment doctrine bars Plaintiffs from bringing an action to recover money "that was voluntarily paid with knowledge of the facts." *Am. Oil Serv. v. Hope Oil Co*., 194 Cal. App. 2d 581 (1961)); *Lipman, Wolfe & Co. v. Phoenix Assur. Co.*, 258 F. 544, 546 (9th Cir. 1919) (same); *see also Endres v. Wells Fargo Bank*, No. 06-7019, 2008 WL 344204, at *12 (N.D. Cal. Feb. 6, 2008) (applying doctrine to UCL, CLRA, and FAL false advertising claims). In order to avoid application of the voluntary payment doctrine, a plaintiff must show the payment was "enforced by duress, coercion, or compulsion" and that there were no adequate means available to prevent the loss. *Steinman v. Malamed*, 185 Cal. App. 4th 1550, 1558 (2010). Put differently, a payment is considered "voluntary" even if made begrudgingly, reluctantly, or "under protest." *Id*. Voluntarily does not mean happily or without argument; it simply means without coercion, compulsion, or duress.

Here, Plaintiffs admit that Defendants fully disclosed the CA Shopper Benefits Fee before they completed their delivery transactions, and that they paid the CA Shopper Benefits Fee, nonetheless. FAC ¶¶ 6, 8. *See also* Yem Decl., ¶ 15 (showing information icon which discloses the purpose of the fee). And, nowhere do Plaintiffs allege any circumstances that suggest they were subject to duress, coercion, or compulsion during check-out. As such, the voluntary payments doctrine bars Plaintiffs' claims for monetary relief.

### c. Plaintiffs Cannot Obtain Injunctive Relief.

Plaintiffs' claims for injunctive relief under the UCL, CLRA, and FAL are also barred because they cannot establish a real and immediate threat of injury. Courts in the Ninth Circuit have

---

[4] To the extent it/she was, Target will promptly move to compel Brown's claims to arbitration.

**TARGET CORPORATION'S MOTION TO DISMISS**

1    frequently dismissed claims for declaratory and injunctive relief where, as here, a plaintiff failed to

2    establish a real and immediate threat of injury. *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir.

3    2006) (affirming dismissal of complaint where party seeking injunctive relief failed to demonstrate

4    that it was "realistically threatened by a *repetition* of the violation.") (emphasis in original).

5         This rule has particular resonance in the consumer class action context. Numerous district

6    courts in California have held that a plaintiff who has become aware of the facts underlying a

7    defendant's alleged fraudulent practices cannot, as a matter of law, sufficiently plead a likelihood of

8    future injury. *See, e.g., Campion v. Old Republic Home Prot. Co, Inc*., 861 F. Supp. 2d 1139, 1146-

9    51 (S.D. Cal. 2012) (plaintiff who "now has knowledge of Defendant's alleged misconduct...cannot

10    show he is realistically threatened by a repetition of the alleged violation"); *In re Intel Laptop*

11    *Battery Litig.*, 2011 WL 7290487, at *3 (N.D. Cal. April 7, 2011) ("if a plaintiff has knowledge of

12    a defendant's practices, that plaintiff cannot have standing to seek injunctive relief to redress injuries

13    caused by those practices, because the plaintiff's knowledge precludes him from showing a

14    likelihood of being injured in the future by those practices").

15         Like the named plaintiffs in *Campion* and *Intel*, Plaintiffs are fully aware of the facts

16    underlying their alleged false advertising claims and could not possibly be deceived again. They do

17    not, and cannot, plausibly plead a likelihood of future injury. As such, they cannot pursue an

18    injunction and their claims for injunctive relief, including all class claims, must be dismissed.

19    ### d. Plaintiffs Fail to Plausibly Allege that Target's Advertising was Deceptive

20    ### Under the Reasonable Consumer Standard.

21         Plaintiffs' misrepresentation claims all fail because they do not and cannot allege that Target

22    engaged in conduct that was likely to deceive a reasonable consumer. "Claims under CLRA, FAL

23    and UCL are governed by the 'reasonable consumer' test, under which a plaintiff must show that

24    'members of the public are likely to be deceived.'" *See Harris v. Las Vegas Sands L.L.C*., No. 12-

25    10858, 2013 WL 5291142, at *5 (C.D. Cal. Aug. 16, 2013) (quoting *Williams v. Gerber Prods. Co*.,

26    552 F.3d 934, 938 (9th Cir. 2008)). Under the reasonable consumer test, a court reviews whether

27    the alleged advertising practice is likely to deceive an individual from the vantage point of an

28    objectively reasonable consumer. *See Williams*, 552 F.3d at 938. Whether a representation is "likely

to deceive" requires a court to determine that "the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co*., 129 Cal. Rptr. 2d 486, 495 (Cal. Ct. App. 2003). Critically, "courts may conclude that a business practice is not likely to deceive a reasonable consumer as a matter of law." *Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1167 (S.D. Cal. 2019).

Plaintiffs allege misrepresentation based on the notion that the delivery fee advertisements did not mention or include the CA Shopper Benefit Fee, and that the fee was disclosed only during checkout. But, the CA Shopper Benefit Fee is not a delivery fee, by its plain terms. And, pursuant to the allegations in the FAC, the CA Shopper Benefit Fee is a fee to cover a variety of other costs, including healthcare subsidies and other "benefits" under Proposition 22. FAC ¶¶ 18-26. Moreover, a shopper benefit fee is more akin to bag fees, another set of disclosed charges. Thus, a reasonable consumer would not be misled by the imposition of a shopper benefit fee by virtue of having reviewed the delivery fee advertisements. Moreover, Plaintiffs fail to allege that either Target or Shipt advertised an "all in" fee or cost for same-day delivery orders, such that a consumer would not expect to be charged anything more at checkout.  Accordingly, Plaintiffs have not stated a claim.

Moreover, courts in the Ninth Circuit have consistently held that where, as here, the pricing is disclosed to the consumer before they commit to the purchase, it is not deceptive to add fees to the transaction, as a matter of law, and have accordingly dismissed such claims at the pleadings stage. So too should this Court.

For example, in *Harris v. Las Vegas Sands L.L.C*., the plaintiff sued under the CLRA, the FAL, and the UCL for the defendants' allegedly misleading representations about the time of the disclosure of their fees. 2013 WL 5291142, at *2. In that case, the plaintiff claimed that upon checking out of the hotel, the plaintiff was presented with a final bill, which included a resort fee that was not included in his total when making an online booking. *Id*. at *2–3. However, the total at the time of online booking was subject to a clear and unequivocal disclaimer: it "d[id] not include applicable daily resort fee of $20 plus tax." *Id.* Moreover, prior to completing the booking, plaintiff consented to terms and conditions which stated the same disclaimer. *Id.* The court granted the

**TARGET CORPORATION'S MOTION TO DISMISS**

defendants' motion with prejudice, reasoning that where "Defendants explicitly disclosed the existence and amount of the resort fee [prior to plaintiff completing his booking in both the check-out page and the terms and conditions] no reasonable consumer could be misled". *Id.* at *5-6, 17. Further, in *Charbonnet*, the Court found that where "the total price is disclosed to the consumer before they even click" the button completing the transaction, a reasonable consumer is not likely to be misled by the inclusion of an additional fee as a matter of law. *Charbonnet v. Omni Hotels & Resorts*, No. 20 -01777, 2020 WL 7385828, at *3 (S.D. Cal. Dec. 16, 2020); *accord Shvarts v. Budget Grp., Inc*., 81 Cal. App. 4th 1153 (2000) (affirming dismissal with prejudice where additional fee disclosed at time of agreeing to transaction); *Wayne v. Staples, Inc.* 135 Cal.App.4th 466, 484 (2006) (same).

Similarly, in *Ford*, the plaintiff sued the platform that he booked his hotel on for resort fees imposed by the hotel at the time of plaintiff's checkout from the hotel. *Ford v. Hotwire, Inc*., No. 07-1312, 2008 WL 5874305 (S.D. Cal. Feb. 25, 2008). There, the defendant's terms of use explicitly provided that the booking platform's "rates do not include special fees charged by hotels upon check-out (e.g., energy charges, convention fees, resort fees, parking fees). Customers will be required to pay these fees directly to the hotels at check-out time." *Id*. at *2. As in *Harris*, the court in *Ford* dismissed the amended complaint with prejudice on the basis that a reasonable consumer was not likely to be deceived because they had agreed to the terms of use that included this disclosure. *Id*. at *3–4. The court also noted that the plaintiff was free to lookup the amount of the resort fees on the hotel's website, and that the plaintiff was free to book through the hotel directly and ascertain the full amount of fees to be charged. *Id*.

Here, Plaintiffs' claims are even less plausible than in *Harris* and *Ford*. Unlike in *Harris* and *Ford*, where the resort fees were not included in the plaintiffs' order totals at the time that they agreed to their hotel stays (but were disclosed elsewhere at that time), here, the CA Shopper Benefits Fee was disclosed to Plaintiffs on the apps, in an itemized fashion, before they agreed to the transaction totals. FAC ¶ 8; Yem Decl. ¶¶ 14-16. Indeed, like the defendants in *Harris*, Defendants "explicitly disclosed the existence and amount of the [CA Shopper Benefits Fee.]" 2013 WL 5291142, at *5.

**TARGET CORPORATION'S MOTION TO DISMISS**

At bottom, Plaintiffs' allegations evince that neither the advertisements at issue nor the checkout process "hid" or otherwise misrepresented the total prices to be charged at checkout. Target did not advertise an "all in" cost for same-day delivery service, nor hide the CA Shopper Benefits fee at checkout under any other name or guise. *Lavie v. Procter & Gamble Co*., 129 Cal. Rptr. 2d 486, 493–99 (Cal. Ct. App. 2003) ("A representation does not become 'false and deceptive' merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed.") (quotations omitted); *Consumer Advocates v. Echostar Satellite Corp*., 8 Cal. Rptr. 3d 22, 29 (Cal. Ct. App. 2003) (reasonable consumer standard applies to CLRA claims); *Suzuki v. Hitachi Global Storage Techs., Inc*., No. C-06-07289, 2007 WL 2070263, at *6 (N.D. Cal. July 17, 2007) (dismissing CLRA claims where "[t]he only basis for plaintiff's alleged reliance is his own [erroneous] belief" regarding a product's characteristic). Because Plaintiffs do not provide plausible allegations that Target's delivery pricing representations were likely to deceive a reasonable consumer vis-à-vis the total costs at checkout, their misrepresentation claims must be dismissed.

### e.  Plaintiffs' Misrepresentation Claims Fail Because They Do Not Plausibly Allege Reliance.

Even if the Court were to determine that a reasonable consumer could be misled in these circumstances (and it should not), Plaintiffs' claims would still fail because they do not plausibly allege that they themselves detrimentally relied on any misrepresentation made by Defendants.

To state a CLRA, UCL, or FAL claim, a plaintiff must have statutory standing. *See, e.g., In re Arris Cable Modem Consumer Litig*., No. 17-01834, 2018 WL 288085, at *6 (N.D. Cal. Jan. 4, 2018) (explaining that statutory standing must be pled to state a plausible claim for relief). At the pleadings stage, this means that a plaintiff must plausibly allege: (1) actual reliance on a purported misrepresentation or omission; and (2) economic injury resulting from the purported reliance. *See, e.g., Clark v. Perfect Bar, LLC*, 816 F. App'x 141, 142–43 (9th Cir. 2020) (collecting cases explaining the reliance requirement for misrepresentation claims under these statutes); *Park-Kim v. Daikin Applied Ams., Inc*., 747 F. App'x. 639, 640 (9th Cir. 2019); *Peviani v. Natural Balance, Inc*., 774 F. Supp. 2d 1066, 1070 (S.D. Cal. 2011). As such, "a plaintiff must allege that the defendant's

misrepresentations were an immediate cause of the injury-causing conduct[.]" *In re Tobacco II Cases*, 207 P.3d 20, 40 (Cal. 2009). Courts regularly analyze the statutory standing requirement for UCL, CLRA, and FAL claims together. *See, e.g., In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 986–87 (S.D. Cal. 2014). Thus, for all three misrepresentation claims, "[r]eliance is adequately pled when a plaintiff specifies which statements the plaintiff relied on and alleges that the plaintiff would not have purchased the product absent the misrepresentation." *Nadler v. Nature's Way Prods.*, LLC, No. 13-100, 2014 WL 12601567, at *3 (C.D. Cal. Mar. 27, 2014).

Plaintiffs do not make a single plausible allegation that they relied on any misrepresentations in consummating their purchases. Indeed, Plaintiffs' only allegation regarding their purported reliance on the advertised delivery fees is the conclusory assertion that "[h]ad Defendants disclosed the CA Shopper Benefits Fees, Plaintiff[s] would have made a different choice with respect to whether to use Defendants for [their] purchases." FAC ¶¶ 52, 56. Not only is this allegation conclusory, it is also contradicted by their admission that the CA Shopper Benefits Fee was disclosed to them before purchasing.[5] FAC ¶¶ 8.

This is not a situation where Plaintiffs allegedly completed a transaction and then had fees that were not previously disclosed added to their bill. Instead, this is a situation where, at best, Plaintiffs were on notice of fees being charged in addition to those advertised. No fees were added beyond those displayed on, and prior to, the checkout page. In other words, Plaintiffs—based on their own allegations—had not committed to having their purchases delivered or owing anyone a single dollar until the full price of the delivery, and the CA Shopper Benefits Fee, was disclosed to them. Accordingly, any allegations of detrimental reliance on advertisements related to delivery fees are not plausible. *Charbonnet*, 2020 WL 7385828, at *5 (no reliance where plaintiff alleged defendant did not immediately disclose a charge due to "drip pricing"). "The fact that Plaintiff[s] completed [t]he[i]r [purchases] and paid the higher total price, knowing it was more than the advertised [ ]rate, shows that the addition of [the CA Shopper Benefits] fees ultimately had no effect

---

[5] Moreover, it is not sufficient for Plaintiff to simply allege she relied on the representation; the reliance must be justifiable. *Kahn v. Lischner*, 275 P.2d 539, 544–45 (Cal. Ct. App. 1954).

**TARGET CORPORATION'S MOTION TO DISMISS**

on [t]he[i]r decision[s .] Plaintiff[s] therefore cannot show that [t]he[y] would have behaved any differently as the allegedly 'omitted' [CA Shopper Benefits] fee was disclosed in the total price and [t]he[y] accepted it." *Id*. Consequently, Plaintiffs have not and cannot plead reliance. *Id*.[6]

### f.    Plaintiffs' Claims Fail Because They Do Not Plead the Alleged Fraud with Particularity.

It follows then that Plaintiffs' claims do not meet Rule 9(b)'s heightened particularity standard. "Federal Rule of Civil Procedure 9(b)'s heightened pleading standards apply to claims for violation of the UCL, FAL, or CLRA that are grounded in fraud." *Peviani*, 774 F. Supp. 2d at 1071*; see also In re Arris Cable Modem Consumer Litig.*, 2018 WL 288085, at *8 ("When UCL, CLRA, and FAL claims are premised on misleading advertising or labeling, Rule 9(b) requires the plaintiff to allege 'the particular circumstances surrounding [the] representations[.]'"). To meet this standard, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing and quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Ultimately, "[t]o allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction"; indeed, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false"—in other words, explain "why the statement or omission complained of was false or misleading." *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis added).

Here, Plaintiffs fail to satisfy Rule 9(b)'s heightened pleading standard because Plaintiffs do not identify, with particularity, any specific misrepresentation made by Target at the time of their order. A prerequisite under Rule 9(b) is to "identify a plausible misrepresentation." *See Garcia v. Sony Computer Entm't Am.*, 859 F. Supp. 2d 1056, 1066 (N.D. Cal. 2012). This means Plaintiffs must "include the misrepresentations themselves with particularity." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Plaintiffs do not allege what they specifically read

---

[6] Moreover, as in *Harris* and *Ford*, Plaintiffs both consented to the imposition of the CA Shopper Benefits Fee when, before they agreed to their purchases, they agreed to Target's and Shipt's respective terms of use. *Harris,* 2013 WL 5291142, at *5, 6, 17; *Ford,* 2008 WL 5874305, at *4; *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012); Yem Decl. ¶¶ 10-15, Ex. A at 11 (incorporating Shipt's Terms), Ex. B at 12 (same); *see also* Owumi Decl., Ex. A at 5 (disclosing CA Shopper Benefits Fee); Ex. B at 5 (same).

that was false or misleading, where and when they saw it. Instead, they summarily allege that Target "advertise[s] free or flat-rate delivery," and, as support, provide only an "exemplar" from Target's website which advertises neither. FAC ¶ 35.

As a threshold matter, representative advertisements do not satisfy Rule 9(b)'s misrepresentation requirement in any event. *See, e.g., Tabler v. Panera LLC*, No. 19-01646, 2020 WL 3544988, at *7 (N.D. Cal. June 30, 2020). Plaintiffs' "exemplars," which are not an advertisement that either of Plaintiffs are alleged to have been exposed to and relied on, are not sufficient. Indeed, the Target-related "exemplar" is for delivery to the 48025 zip code, which is located in Michigan—not California, where both plaintiffs reside and the CA Shopper Benefits fee applies. FAC ¶ 35; *Kuehl v. General Motors LLC*, No. 23-6980, 2023 WL 8353784, at *3 (C.D. Cal. Nov. 17, 2023) (no misrepresentation alleged where not alleged that representation was made to plaintiff). Moreover, Dawson alleges he made his purchase on the Target app (FAC ¶ 50) and Brown alleges she made her purchase on the Shipt app. FAC ¶ 53. Neither allege that they visited Target's or Shipt's website. However, both of Plaintiffs' exemplars are derived from Defendants' respective websites. FAC ¶¶ 33, 35. Plaintiffs cannot meet the misrepresentation requirement with representations they are not alleged to have been exposed to. *Murray v. Elations Co*., No. 13-02357, 2014 WL 3849911, at *8–9 (S.D. Cal. Aug. 4, 2014).

Even if that were not the case, Plaintiffs' conclusory allegations about what Target's website represents are incorrect. The website page does not advertise "free" or "flat-rate" delivery costs or any all-in cost for delivery orders. FAC ¶ 36. Rather, it represents that same day delivery incurs a $9.99 per delivery fee, unless the purchaser has a Target Circle 360 membership. FAC ¶ 35. The fact that the $9.99 per delivery fee is not charged if a purchaser is a Target Circle 360 member is not a representation that delivery is "free"—particularly because a consumer must pay for a Target Circle 360 membership. Similarly, the fact that a $9.99 per delivery fee is charged if a purchaser is not a Target Circle 360 member is not a representation that the delivery service is "flat rate." *Id*. Thus, Plaintiffs fail to satisfy 9(b) with respect to identification of the alleged misrepresentation.[7]

---

[7] Even if Plaintiffs had identified a specific representation in which Target promised "flat rate" delivery, courts have found that the imposition of additional charges after an express "flat rate"

Plaintiffs' vague and conclusory allegations that "[b]ased on Defendants' representations, Plaintiff Dawson understood that he would be charged a $9.99 flat rate delivery fee for his purchase [and] Plaintiff [Brown] understood that she would not be charged a delivery fee for her order over $35" are not enough. *See* FAC ¶¶ 50, 53. Plaintiffs' Amended Complaint is a far cry from satisfying Rule 9(b)'s heightened pleading requirements for fraud and must be dismissed.

### g. Plaintiffs' Claims Fail To the Extent They Are Premised on Violation of the Hidden Fees Statute.

Additionally, to the extent that Plaintiffs' misrepresentation claims are premised on the alleged violation of California Civil Code § 1770 (a)(29) (the "Hidden Fees Statute"), they must fail because that statute is not retroactive and did not take effect until July 1, 2024—after Plaintiffs' June 14, 2024 and October 15, 2022 purchases. *See* FAC ¶¶ 98d (alleging a violation of the Hidden Fees Statute); 50, 53 (alleging purchases that pre-date its enactment); *see also id.* ¶ 47 (conceding that the Hidden Fees Statute did not take effect until July 2024).

Statutes are presumed to operate prospectively. *See United States v. Schooner Peggy*, 1 Cranch 103, 110, 2 L.Ed. 49 (1801). "This long established presumption applies particularly to laws creating new obligations, imposing new duties, or exacting new penalties because of past transactions." *In re Marriage of Reuling*, 23 Cal.App.4th 1428, 1439 (1994); *Ditullio v. Boehm*, 662 F.3d 1091, 1099 (9th Cir. 2011) (same). The presumption acts as a default rule, that a law is not retroactive, in the absence of legislative intent to the contrary. *See Russell v. Superior Court*, 185 Cal.App.3d 810 (1986); *Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1208–09 (1988).

There is no indication in the statute or legislative history that the legislature intended the Hidden Fees Statute to apply retroactively. The statute does not include an express provision of retroactivity, nor do the provisions suggest or imply retroactive intent. Moreover, the statute's legislative history provides no indication, expressed or clearly implied, that the section should apply

---

representation is not misleading where, as here, plaintiffs are aware of the additional charges before they complete their transaction. *See, e.g., Sanchez v. Giromex, Inc.*, No. D042459, 2004 WL 2750332, at *10 (Cal. Ct. App. Dec. 2, 2004) (no misrepresentation alleged; money transmitter who specifically advertised flat-rate fee, but included an additional exchange fee not included in flat fee, that was disclosed before transaction completed).

retroactively. Rather, both the legislative history and the text of the statute clearly provide that the Hidden Fees Statute will not "become operative" until July 1, 2024. Cal.Civ.Code § 1770(d); *see also* SB 478 Legislative Digest ("This bill would, beginning on July 1, 2024, additionally make unlawful advertising . . . that does not include all mandatory fees"). As such, both the plain text of the statute and the legislative intent indicate that the Hidden Fees Statute is non-retroactive and does not apply to the conduct occurring before July 1, 2024. And, because the conduct alleged in Plaintiffs' amended complaint occurred prior to that date, Plaintiffs' claims premised on the Hidden Fees Statute must fail. [8]

### h. Even If the Hidden Fees Statute Were Effective at the Time of Plaintiffs' Purchases, it Would be Inapplicable Here.

Even if the Hidden Fees Statute had been effective at the time of Plaintiffs' purchases, it would not apply to here because the CA Shopper Benefits Fee is not a "mandatory" fee to shop at Target and Plaintiffs allege that the CA Shopper Benefits Fee is "imposed by the government."

The Hidden Fees Statute deems "[a]dvertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges other than either of the following: (i) Taxes or fees imposed by a government on the transaction. (ii) Postage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer" an unfair practice. Cal.Civ.Code § 1770(a)(29). Here, even if the statute had been in effect at the relevant time (and it was not) Plaintiffs still would not have plausibly alleged a violation of it because the CA Shopper Benefits Fee is not "mandatory," and Plaintiffs explicitly allege that it was "imposed by the government on the transaction." FAC ¶¶ 24-27, 41.

---

[8] Although not clearly stated in any of their causes of action, Plaintiffs also seem to allege violations of (i) a White House blog post describing "junk fees" as "fees that are mandatory but not transparently disclosed to consumers," and (ii) an FTC press release concerning its proposed rule making that would ban "junk fees." FAC ¶¶ 45-46, 48-49. However, Plaintiffs cannot rely on either to establish their UCL (or any other) claim. *See, e.g., Janda v. T-Mobile, USA, Inc.,* No. 05-03729, 2009 WL 667206, at *8 n.9 (N.D. Cal. Mar. 13, 2009), aff'd, 378 F. App'x 705 (9th Cir. 2010). In particular because the FTC's junk fee rule is not yet effective. *See* 16 CFR Part 464, RIN 3084-AB77 (noting the rule becomes effective 120 days after publication and that the rule is not yet published). Nor can they seriously argue that the CA Shopper Benefits Fee is a "junk fee" where the CA Shopper Benefits Fee and its purpose are disclosed to consumers at, and before, check-out.

### i.  The CA Shopper Benefits Fee is Not a "Mandatory" Fee.

First, the CA Shopper Benefits Fee is not a "mandatory" fee because, as the FAC concedes, it is not imposed on in-store and pick-up purchases. FAC ¶¶ 7, 41. The term "mandatory" is undefined in the statute, and thus is given its ordinary meaning. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1062 (9th Cir. 2009). The dictionary definition of "mandatory" is "required or obligatory" and past courts applying the ordinary meaning of the term "mandatory" have found that it means that there is "no [other] option." *See, e.g., People v. Rahbari*, 232 Cal. App. 4th 185, 195 (2014). Accordingly, a "mandatory" fee, for purposes of the Hidden Fees Statute, is a required or obligatory fee, which a consumer has no option but to pay in order to receive the goods. Here, the CA Shopper Benefits Fee is not "mandatory" because, as the FAC concedes, consumers have the option of placing their orders for pick-up in store and, if they do, the CA Shopper Benefits Fee is not imposed on their transaction. FAC ¶¶ 7, 41. Consumers are neither required nor obliged to pay the CA Shopper Benefits Fee, and it is not a "mandatory" fee within the meaning of the Hidden Fees Statute.

The Hidden Fees Statute's legislative history also supports this construction. In those materials, a mandatory fee is referred to as "any fee which the consumer cannot avoid." Request for Judicial Notice ("RJN"), Ex. A. As discussed, the CA Shopper Benefits Fee is easily avoidable by opting to pick-up or by purchasing in store. Further, the legislative history expressly provides that "*[o]ptional* fees and charges, such as for premium movie channels in one's cable TV subscription, or for gift-wrapping an online purchase, would not have to be included" in the meaning of "mandatory" fees. RJN, Ex. B. The CA Shopper Benefits Fee is precisely the sort of "optional fee" that is addressed in those materials—it is an optional fee charged for the convenience of having purchases delivered to the consumer's door. There is no meaningful difference between a fee imposed on optional gift-wrapping service and one imposed on optional delivery service. As such, to the extent that Plaintiffs attempt to argue that the CA Shopper Benefits fee is a "mandatory" fee because it is required to be imposed on delivery service, that argument fails as contrary to the plain meaning of the statute, and as contrary to the legislative intent of the statute. Because Plaintiffs have

not, and cannot, allege that the CA Shopper Benefits Fee is a "mandatory" fee, their claims premised on the Hidden Fees Statute should be dismissed for this additional reason.

### ii. The CA Shopper Benefits Fee is a "Fee Imposed by a Government".

Second, the Hidden Fees Statute does not apply to the CA Shopper Benefits Fee because it expressly excludes "fees imposed by a government on the transaction" and, as the FAC concedes, the CA Shopper Benefits Fee is imposed on delivery transactions as a result of Proposition 22.

The term "imposed by a government" is undefined in the statute, and thus is given its ordinary meaning. *See Virtumundo*, 575 F.3d at 1062. The dictionary definition of "impose" is "cause something to affect someone or something by using authority" and past courts applying the ordinary meaning of the term have found that it means, among other things, "bring about by authority or force." *See, e.g., People v. Espino*, 104 Cal. App. 5th 188, 324 Cal. Rptr. 3d 377, 381 (2024) (citing (Webster's 3d New Internat. Dict. (1993) p. 1136, col. 1; American Heritage Dict. (5th ed. 2011) p. 883, col. 2).

As such, a fee "imposed by the government", for purposes of the Hidden Fees Statute, is fee that is charged as a result of some governmental act, such as the passage of a statute or a proposition. Here, the CA Shopper Benefits Fee is a fee "imposed by the government" because, as the FAC concedes, the CA Shopper Benefits Fee is charged as a result of the passage of Proposition 22. FAC ¶¶ 24-27 (alleging that Shipt began charging the CA Shopper Benefits Fee as a result of California voters passing Proposition 22), 41 ("the CA Shopper Benefits Fee is used to pay drivers for the benefits they are afforded under Proposition 22").

Because Plaintiffs allege that the CA Shopper Benefits Fee is a fee imposed by the passage of Proposition 22, the Hidden Fees Statute does not apply to it.

### i. Plaintiffs' Unjust Enrichment Claim Fails.

Plaintiffs' claim for unjust enrichment must fail with Plaintiffs' other causes of action because it is based on the same facts. *DiGiacinto v. EuroPharma, Inc.*, 2023 WL 3643237, at *2 (N.D. Cal. May 25, 2023). Moreover, in California, "there is no standalone cause of action for 'unjust enrichment,' which is synonymous with restitution." *Astiana v. Hain Celestial Grp., Inc.*,

**TARGET CORPORATION'S MOTION TO DISMISS**

783 F.3d 753, 762 (9th Cir. 2015); *Hooked Media Grp. v. Apple Inc*., 55 Cal.App.5th 323, 336 (Cal. Ct. App. 2020).

Regardless, Plaintiff Brown's Unjust Enrichment claim also fails because unjust enrichment claims have a two-year statute of limitations and Brown's claim was brought more than two years after its accrual. "Under California law … the Legislature has provided a separate (two-year) limitations period covering contracts not founded upon an instrument of writing: (such as unjust enrichment) in Code of Civil Procedure §339, subdivision 1." *H. Russell Taylor's Fire Prevention Services, Inc. v. Coca Cola Bottling Corp.*, 99 Cal.App.3d 711, 721 (1979). Here, Plaintiff Brown alleges that she made her purchase on October 15, 2022. But, Plaintiff Brown did not bring her claim until over 2 years later, on October 23, 2024. It should thus be dismissed as untimely.

## IV.    CONCLUSION

For the foregoing reasons, and should the claims not be stayed or dismissed pending arbitration, Plaintiffs' claims should be dismissed for want of plausible facts demonstrating deception or fraud.

DATED:  February 7, 2025                    BLANK ROME LLP


By: /s/ *Ana Tagvoryan*
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Ana Tagvoryan
Victor Sandoval
Attorneys for Defendants
TARGET CORPORATION
and SHIPT, INC.

TARGET CORPORATION'S MOTION TO DISMISS