# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN DAWSON and JAMIE BROWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, SHIPT, INC., and DOES 1- 50, inclusive,<br><br>Defendant. | Case No. 3:24-cv-08167-AMO<br>[Removed from Superior Court of California, County of San Francisco, Case No. CGC-24-618269]<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO COMPEL ARBITRATION**<br><br>Judge:  Araceli Martínez-Olguín<br><br>Filed:   September 19, 2024<br>Removed: November 19, 2024<br>Trial: Not set |

Before the Court are Defendant Target Corporation's ("Target") and Defendant Shipt, Inc.'s ("Shipt") (collectively, "Defendants") Motions to Compel Arbitration (Dkt. Nos. 23, 21), (the "Motions"). The Court, having considered the pleadings submitted by Plaintiff Dylan Dawson ("Plaintiff Dawson"), his Opposition to the Motions, (Dkt. No. 39), Defendants' reply briefs, (Dkt. Nos. 41, 43), and Plaintiffs' objection to Defendants' new evidence submitted on reply (Dkt No. 45), **DENIES** Defendants' Motions for the reasons below.

The touchstone of arbitration is consent. *Coinbase, Inc. v. Suski,* 144 S. Ct. 1186, 1191 (2024). Defendants have failed to satisfy their burden to prove that an enforceable agreement to arbitrate exists because they have not demonstrated by a preponderance of the evidence that Plaintiff Dawson was on notice of, and unambiguously assented to, Defendants' arbitration agreement (the "Arbitration Agreement").

At the outset, the Court finds that California law governs the question of contract formation irrespective of the Minnesota choice of law provision in Target's Terms and Conditions. Because the Court finds that Plaintiff Dawson did not agree to Target's Arbitration Agreement for all the following reasons set forth herein, he could not have agreed to any choice of law provision, either. *See Nguyen v. Barnes & Noble Inc.,* 763 F.3d 1171, 1175 (9th Cir. 2014) ("[W]hether the choice of law provision applies depends on whether the parties agreed to be bound . . . in the first place."); *Schnabel v. Trilegiant Corp.,* 697 F.3d 110, 119 (2d Cir. 2012) ("Applying the choice-of-law clause to resolve the contract formation issue would presume the applicability of a provision before its adoption by the parties has been established."). Nevertheless, the Court finds the outcome would be the same under Minnesota law. *Compare Herzog v. Super. Ct.,* 101 Cal. App. 5th 1280, 1293 (2024) *with Vermillion State Bank v. Tennis Sanitation, LLC,* 947 N.W.2d 456 (2020). Further, the law of this Circuit is unequivocal that the question of whether a valid agreement to arbitrate was formed in the first instance must be answered by this Court, and not an arbitrator, regardless of any delegation provision or incorporation of arbitral rules. *See Kum Tat Ltd. v. Linden Ox Pasture, LLC,* 845 F.3d 979, 983 (9th Cir. 2017) ("challenges to the very existence of the contract are, in general, properly directed to the court"). The Court finds no agreement to arbitrate was formed for multiple reasons.

1    <u>First</u>, Defendants have not met their burden to prove Plaintiff Dawson unambiguously
2    assented to arbitration. Defendants do not contend Plaintiff Dawson was on *actual* notice of the
3    Arbitration Agreement, and Plaintiff Dawson attests he never saw it. Declaration of Dylan Dawson
4    ("Dawson Decl.") (Dkt. No. 39-1) ¶ 8. In the absence of *actual* notice, Defendants must prove that
5    Plaintiff Dawson was on *inquiry* notice of the Arbitration Agreement. To prove inquiry notice,
6    Defendants must demonstrate "(1) the website provides reasonably conspicuous notice of the terms
7    to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a
8    button or checking a box, that unambiguously manifests his or her assent to those terms."
9    *Berman v. Freedom Fin. Network, LLC,* 30 F.4th 849, 856 (9th Cir. 2022). Further, the standard
10   on a Motion to Compel Arbitration is akin to a Motion for Summary Judgment. *See Hansen v.*
11   *LMB Mortg. Servs., Inc.,* 1 F.4th 667, 670 (9th Cir. 2021). As such, the Court must draw all
12   reasonable inferences in favor of the non-movant. *See Lopez v. Dave, Inc.,* No. 22-16915, 2023
13   WL 8594393, at *1 (9th Cir. Dec. 12, 2023).

14   Here, drawing all reasonable inferences in favor of the non-movant, this Court finds that
15   the evidence submitted with Target's Motion—upon which Shipt also relies—is insufficient to
16   demonstrate an agreement to arbitrate. The proffered screenflows attached to the Declaration of
17   Allison Yem ("Yem Decl.") (Dkt. No. 23-4) purport to be screenshots of how Target's Terms and
18   Conditions were displayed on a mobile application for the three instances in which Defendants
19   contend Plaintiff Dawson may have been put on notice of and assented to arbitration—at (1)
20   account creation, (2) account sign-in, and (3) check-out. But none of these screens satisfy
21   Defendants' burden because Defendants have not demonstrated that they are the same screens
22   Plaintiff Dawson would have seen when he first created his Target account in 2014, or when he
23   made his alleged purchase on June 14, 2024.

24   With respect to Target's account creation process, Target provides no evidence as to what
25   this process looked like when Plaintiff Dawson first created his Target account in <u>2014</u>. *See*
26   Dawson Decl. ¶ 3. Instead, the Yem Declaration submits an undated account creation screenflow,
27   which Yem attests has been the similar screen since October <u>2022</u>. Yem Decl., ¶ 8. There is no
28   evidence in the record—because Defendants provide none—that Target even had an arbitration

**2**
**ORDER DENYING DEFENDANTS' MOTIONS TO COMPEL ARBITRATION**

agreement in its Terms and Conditions in 2014, let alone that Plaintiff Dawson agreed to them at that time. Target cannot rely on screenflows from 2022 to prove consent in 2014. *See Snow v. Eventbrite, Inc.,* No. 3:20-cv-3698-WHO, 2020 WL 6135990, at *8 (N.D. Cal. Oct. 19, 2020) (denying motion to compel when defendant relied on screenshots from the present day to demonstrate assent that purportedly took place years prior). Thus, the Court finds Defendants have not demonstrated Plaintiff Dawson agreed to arbitrate when he signed up for a Target account in 2014.

Nor does the "sign-in" screen establish that Plaintiff Dawson unambiguously agreed to arbitrate. Critically, Target does not establish Plaintiff Dawson encountered this screen at all—let alone in June 2024. As Plaintiffs point out, both the account creation screen and the sign-in screen provide the consumer the option to "keep me signed in." In its opening brief, Defendants produced no evidence as to whether Plaintiff Dawson made this election. For the first time on reply, Target submitted a second declaration of Allison Yem ("Supplemental Yem Declaration") (Dkt. No. 41-1), which improperly introduced new evidence to support new arguments as to Plaintiff Dawson's supposed interaction with the "sign-in" screen. The Court declines to consider that new evidence. *See Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Target bore the burden to demonstrate its entitlement to relief in its opening brief, and it had the opportunity to disclose this evidence from the outset. Indeed, as the Court warned Defendants at the discovery hearing held February 24, 2025, they may not use their reply briefs to introduce new facts to argue how and when Plaintiff Dawson supposedly assented to arbitration. The Court refuses to consider this improperly submitted evidence. Accordingly, this Court **SUSTAINS** Plaintiff's objection to the new evidence submitted by Target on reply, **STRIKES** paragraphs 3-8 of the Supplemental Yem Declaration, and disregards Defendants' related arguments based on this improper submission in their entirety. Again, drawing all reasonable inferences in favor of Plaintiff Dawson, as the Court must, the Court finds Defendants have not demonstrated Plaintiff Dawson agreed to arbitrate vis-à-vis a "sign-in" screen that he may never have seen.

Case 3:24-cv-08167-AMO    Document 55    Filed 06/11/25    Page 5 of 7

1   Finally, the check-out screen similarly fails to establish unambiguous assent because the
2   screen attached to the Yem Declaration does not accurately depict the check-out process as it
3   appeared to Plaintiff Dawson on an iPhone when he completed his purchase on June 14, 2024.
4   While Yem declares this screen "looks the same today for people seeking to use the Target app for
5   same day delivery on any device[,]" the screenshot attached to Dawson's Declaration, and contrary
6   to the screenshot presented by Yem, show that Target's Terms & Conditions are *not visible* when
7   using the iPhone mobile app unless a consumer chooses to scroll to the very bottom of the screen
8   (which is unnecessary to complete a purchase). Dawson Decl., ¶¶ 6-7.  This fact is critical. As the
9   California Court of Appeals has made clear, consumers will not be "bound by inconspicuous
10  contractual provisions of which he was unaware, contained a document whose contractual nature
11  is not obvious." *Sellers v. JustAnswer LLC,* 73 Cal. App. 5th 444, 461 (2021). Requiring
12  consumers to hunt for Terms & Conditions buried at the bottom of a screen is insufficient to
13  establish unambiguous assent. *Berman,* 30 F.4th at 857.  Thus, Defendants have not demonstrated
14  Plaintiff Dawson agreed to arbitrate on the check-out screen.

   In sum, Defendants have failed to meet their burden of demonstrating Plaintiff Dawson
16  unambiguously agreed to arbitrate because Defendants have not provided any admissible evidence
17  demonstrating the actual screens Plaintiff Dawson would have seen at account creation, sign-in,
18  or check-out.  In the absence of such evidence, the Court will draw all reasonable inferences in
19  favor of Plaintiff and deny the Motion.

20  Second, the Court finds that Target's proffered screenflows fail to provide reasonable
21  notice of Target's terms, even if Dawson had been presented with the screens put forth in the Yem
22  Declaration (and again, the Court concludes there is no basis to find that he was). Target's
23  screenflows are "sign-in wrap" agreements, because "the website provides a link to terms of use
24  and indicates that some action may bind the user but does not require that the user actually review
25  those terms." *Chabolla v. ClassPass, Inc.,* 129 F.4th 1147, 1154 (9th Cir. 2025). Applying the
26  criteria set forth by the California Court of Appeals in *Sellers*, this Court concludes Target's
27  screens failed to clearly and conspicuously put Plaintiff Dawson on reasonable notice of
28  arbitration, even assuming he was presented with them. *See* 73 Cal. App. 5th at 473.

**4**

**ORDER DENYING DEFENDANTS' MOTIONS TO COMPEL ARBITRATION**

The hyperlinks and preceding disclaimers on those screenflows are too inconspicuous to confer reasonable notice because they are presented in a small text size, difficult to read, and are not sufficiently obvious or set apart from the rest of the text on the screen. *Berman,* 30 F.4th at 856-57. The hyperlinks on the account creation and check-out screens are particularly problematic in this regard because they lack a contrasting color and are in the same black text as the majority of the text on the screens. *See e.g., Massel v. SuccessfulMatch.com,* 718 F. Supp. 3d 1112, 1117 (N.D. Cal. 2024) (denying motion to compel arbitration in clickwrap agreement because hyperlinked terms were underlined, but "appeared in the same dark gray color as the unlinked text in the rest of the sentence"); *Lopez,* 2023 WL 8594393 at *1 (no reasonable notice even where the hyperlinked terms were underlined because they were in tiny grey font and in sentence caps). Although the hyperlink on Target's sign-in screen (if it was ever displayed to Plaintiff Dawson, which Plaintiff Dawson contests) is denoted in blue, the color contrast alone is insufficient to salvage the overwhelming inconspicuousness created by its small font size and placement that otherwise causes the Terms & Conditions to blend into the screen. *See e.g., Chabolla v. ClassPass, Inc.,* 2023 WL 4544598, at *4 n.3 (N.D. Cal. June 22, 2023), *aff'd* 129 F.4th 1147, 1154 (9th Cir. 2025) (denying motion to compel arbitration in sign-in wrap agreement even where terms were hyperlinked in blue font because "this [color] alone does not make the text notice of the Terms conspicuous in light of the other deficits identified" such as the tiny font size); *Farmer v. BarkBox, Inc.,* 2023 WL 8522984, at *2 (C.D. Cal. Oct. 6, 2023) (holding "modified clickwrap" presenting terms in blue, underlined hyperlink located immediately above the mechanism for assent did "not satisfy the objective reasonableness standard" in the Ninth Circuit because it was in similar miniscule font).

Further, the hyperlinked terms and preceding disclaimers on Target's sign-in and check-out screens are also spatially decoupled from the relevant buttons to proceed with the transactions and manifest assent to those terms. On the sign-in screen (if encountered at all), a user need only enter their email or phone number and password in the fields located at the very top of the screen and then click the glaring red buttons in the middle of the screen to proceed. And the current version of the check-out screen confirms that a user would have no reason to scroll through the

**5**
**ORDER DENYING DEFENDANTS' MOTIONS TO COMPEL ARBITRATION**

entirety of the screen to click "Place your order" because the order total is located at the very top of the screen. The lack of spatial proximity between the Terms and Conditions and the mechanism for assent forecloses reasonable notice of those terms. *See e.g., Metter v. Uber Tech., Inc.,* 2017 WL 1374579 (N.D. Cal. Apr. 17, 2017) (denying motion to compel arbitration where hyperlinked terms were at the bottom of the screen and "the registration and payment screen neither instructed [plaintiff] to scroll down nor presented any reason for him to do so").

At bottom, Target's proffered screens do not confer reasonable notice of arbitration, and thus, "any action the user takes on the page[s] cannot unambiguously manifest [his] assent to those terms." *Chabolla,* 129 F.4th at 1158. Accordingly, because it is Defendants' burden to prove that a valid, enforceable agreement to arbitrate was formed by a preponderance of the evidence, and they failed to do so, their Motions must be denied. *Stover v. Experian Holdings, Inc.,* 978 F.3d 1082, 1086 (9th Cir. 2020).

**IT IS SO ORDERED.**

Dated: June 11, 2025

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**